**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| **ROBIN RYAN** | ) |
| individually and on behalf of others similarly situated, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.** |
| | ) |
| **ATLANTIC COLLECTION AGENCY, INC.,** | ) |
| | ) |
| **Defendant,** | ) |
_____)

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff brings suit on behalf of herself and other Massachusetts residents who were subjected to unlawful consumer debt collection activities by defendant Atlantic Collection Agency, Inc. Atlantic's debt collection activities were unlawful because at no time was it licensed by the Division of Banks to collect consumer debts in Massachusetts.

**PARTIES**

1. Plaintiff Robin Ryan is an individual who resides in Salisbury, Essex County, Massachusetts.

2. Defendant Atlantic Collection Agency, Inc. ("Atlantic") is a Connecticut corporation with a principal place of business at 194 Boston Post Road, East Lyme, Connecticut.

**JURISDICTION AND VENUE**

3. Certain of Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate Plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

1

## STATEMENT OF FACTS

### A.  Facts pertaining to Atlantic

5. Atlantic, as its name reflects, is a collection agency.  During the time period encompassed by this complaint, most (if not all) of the debts which Atlantic collected and attempted to collect in Massachusetts were incurred primarily for personal, family, or household purposes, otherwise known as "consumer" debts.

6. During the time period encompassed by this complaint, Atlantic engaged in a business in Massachusetts the principal purpose of which was consumer debt collection.

7. During the time period encompassed by this complaint, Atlantic regularly attempted and attempted to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another by Massachusetts residents.

8. During the time period encompassed by this complaint, Atlantic was a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a ("FDCPA") and within the meaning of the Massachusetts Debt Collection Practices Act, M.G.L. c. 93, §24 ("MDCPA").

9.  At all times relevant to this complaint, the MDCPA required that persons and entities meeting one or both of the Act's definitions of "debt collector" be licensed by the Division of Banks.

10. The MDCPA provides important protections for Massachusetts consumers.  Before it may operate as a debt collector, an applicant and its officers and directors must demonstrate to the Commissioner's satisfaction that their "financial responsibility, character, reputation, integrity and general fitness . . . are such as to command the confidence of the public and to warrant the belief that the business . . . will be operated lawfully, honestly and fairly."  M.G. L. c. 93, §24B(a).  Thus, for example, the Commissioner may deny a license if the applicant does not

have a positive net worth; has violated any state or federal law governing debt collection practices; has defaulted on a debt; has committed any dishonest or deceptive act bearing on the applicant's fitness to function as a debt collector; or has an adverse credit history.  209 CMR 18.04(2)(a); 209 CMR 18.042)(a)– (f).  Debt collection licenses are issued for one-year terms (M.G. L. c. 93, §24B(b)), and upon request a licensee must disclose such books and records as to enable the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts.  M.G. L. c. 93, §24D.

11. At no time relevant to this complaint was Atlantic licensed as a debt collector in Massachusetts, as was required.

12. A failure to comply with the Massachusetts licensing requirement constitutes a *per se* violation of M. G. L. c. 93A, §2.   Such failure also constitutes a criminal offense.  G. L. c. 93, §28.

   **B.  Facts pertaining to Plaintiff**

13. On or prior to March 23, 2018, Merrimack Valley Anesthesia Associates, Inc. ("Merrimack") placed for collection with Atlantic a past-due debt in the amount of $71.57 allegedly owed by Plaintiff's deceased spouse, Kathleen Craft.

14. On or about March 23, 2018, Atlantic sent a dunning letter concerning the alleged debt addressed to Kathleen.  Plaintiff, who resided in the home that had also been Kathleen's home, received and read the letter.

15. Around the same time that it sent the dunning letter, Atlantic began calling Plaintiff's cell phone and leaving messages for her.  Atlantic left approximately seven messages for Plaintiff in attempting to collect the alleged debt to Merrimack.

16. In or about July, 2018, having become increasingly distressed by Atlantic's collection calls, Plaintiff called Atlantic and spoke to a representative.  Plaintiff explained to Atlantic's representative that Kathleen had passed away and that Plaintiff was not liable for the alleged debt to Merrimack.  Atlantic's representative stated he did not believe Plaintiff, that the debt was owed, and that Plaintiff should make payment as soon as possible.

17. The following day, Plaintiff again called Atlantic and spoke to its president, Kevin Brahm. Plaintiff again explained that Kathleen had passed away and that Plaintiff was not responsible for the alleged debt.  Brahm insisted that the debt was owed and that Plaintiff should pay it. Plaintiff informed Braham that she was aware Atlantic was not licensed as a debt collector in Massachusetts, and asked Brahm why Atlantic was recording the conversation without disclosing that fact to her as required by Massachusetts law.  Brahm became combative and insulting, so Plaintiff terminated the call.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and classes and sub-classes of persons similarly situated:

   (a) The class for purposes of count I is all persons who, when they resided in Massachusetts and on or after the date that was four (4) years prior to the filing of this action, were subjected to any collection activity by Atlantic concerning a consumer debt, which activity included but was not necessarily limited to the sending of dunning letters, leaving phone messages, engaging in phone conversations, sending emails, and reporting alleged debts to credit bureaus.

   (b) The class for purposes of count II is comprised of count I class members who were subjected to any collection activity by Atlantic on or after the date that was one (1) year prior to the filing of this action.

4

(c) The class for purposes of count II is comprised of count I class members who were subjected to any collection activity by Atlantic on or after the date that was three (3) years prior to the filing of this action.

Excluded from the class and each sub-class are current and former officers, directors, and employees of Defendants and persons who released one or both defendants for the claims set forth herein.

19. On information and belief, there are thousands of class members. Therefore, the class is sufficiently numerous such that joinder would be impracticable.

20. There are issues of law and fact common to each class, which common issues predominate over any issues particular to individual class members. The principal common issues are: whether Atlantic engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A; §1; whether Atlantic is a debt collector within the scope of the MDCPA and the FDCPA; whether Atlantic was required to be licensed as a debt collector by the Division of Banks during the class periods; whether Atlantic was licensed as a debt collector by the Division during the class periods; whether Atlantic violated the rights of Plaintiff and class members as alleged; and whether Atlantic's violations of M.G.L. c. 93A were willful or knowing in nature.

21. Plaintiff's claims are typical of the claims of class members. Plaintiff and all class members were all injured by being subjected to consumer debt collection activity that was prohibited by law because Atlantic was not licensed as a debt collector in Massachusetts. All claims are based on the same legal theories, and all claims arise from the same unlawful conduct.

22. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including cases

involving unfair and/or deceptive debt collection practices.  Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the economic harm suffered by many individual class members is either non-existent or not substantial, therefore, the expense and burden of individual litigation would be economically unfeasible; and (b) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications that could establish conflicting standards of conduct for Defendant; and (c) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

## COUNT I

### (Violations of M.G.L. c. 93A)

24. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

25. At relevant times, Atlantic was engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A, §1.

26. Atlantic violated M.G.L. c. 93, §24A and M.G.L. c. 93A, §2, by engaging in the business of consumer debt collection in Massachusetts without being licensed to do so by the Division of Banks.

27.  Atlantic's violations of M.G.L. c. 93, §24A and M.G.L. c. 93A, §2, were willful and knowing in nature.

28. Plaintiff suffered harm by being subjected to collection activities that were prohibited by Massachusetts law.  All class members suffered identical harm, and some class members suffered financial loss by paying money to Atlantic or to creditors as a result of the unlawful collection activities.

29. A pre-suit demand under M.G.L. c. 93, §9, is not required, as Atlantic does not maintain an office or keep assets in the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding her and each class member actual damages equal to monies paid to Atlantic or creditors due to Atlantic's unlawful conduct or statutory damages of $25.00, whichever is greater;
(b) Doubling or trebling all actual damages awarded;
(c) Awarding interest on all damages awarded;
(d) Awarding costs and reasonable attorney's fees;
(e) Awarding such further relief as shall be just and proper.

## COUNT II

### (Violations of the Fair Debt Collection Practices Act)

30. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

31. Atlantic's unlicensed debt collection activities in Massachusetts violated the following provisions of the FDCPA:

(a) section 1692e(5), by taking and threatening to take actions that could not legally be taken;

(b) section 1692e(10), by using deceptive means to collect or attempt to collect debts;

(c) section 1692d(1), by engaging in conduct involving the threat and use of criminal means to harm the property of Plaintiff and class members;

(d) section 1692d, by engaging in conduct the natural consequence of which was to oppress and abuse Plaintiff and class members.

32. Plaintiff suffered harm by being subjected to debt collection activities that were prohibited by Massachusetts law.  All class members suffered identical harm, and some class members suffered financial loss by paying money to Atlantic or to creditors as a result of the collection activities.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding her and each class member actual damages equal to amounts paid to Atlantic or creditors due to Atlantic's unlawful collection activities;

(b) Awarding her and class members statutory damages;

(c) Awarding interest on all damages awarded;

(d) Awarding costs and reasonable attorney's fees;

(e) Awarding such further relief as shall be just and proper.

## COUNT III

### (Unjust Enrichment)

33.  The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

34.   Atlantic wrongfully and unlawfully collected consumer debts in Massachusetts without being licensed as a debt collector by the Division of Banks.

35.  Atlantic earned fees as a result of recovering money for creditors.

36.  Atlantic has been unjustly enriched by obtaining fees due to its unlawful debt collection activities.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Ordering Atlantic to disgorge all fees obtained due to its unlawful collection activities;

(b) Awarding interest on all monies awarded;

(c) Awarding costs and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

### PLAINTIFF REQUESTS JURY TRIAL.

ROBIN RYAN, Plaintiff, by:

*/s/Kenneth D. Quat*
BBO#408640
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com